UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
Scan Only ___

| | |
|---|---|
| **CASE NO.:** CV 13-07201 SJO (RZx) | **DATE:** June 16, 2014 |
| **TITLE:** Craig Courtney, et al. v. Thomas Amato, et al. | |

========================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz
Courtroom Clerk

Not Present
Court Reporter

**COUNSEL PRESENT FOR PLAINTIFFS:**

Not Present

**COUNSEL PRESENT FOR DEFENDANTS:**

Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** [Docket No. 24]

This matter comes before the Court on Defendants Thomas Amato, M.D., Ellen Greenman, M.D., David Ralston, M.D., and Chelsea Emerson's (collectively, "Defendants") Amended Motion to Dismiss Plaintiffs Craig and Norma Courtney's (collectively, "Plaintiffs") Complaint ("Motion"), filed on March 28, 2013.[1] Plaintiffs did not file any response to Defendants' Motion.[2] The Court found this matter suitable for disposition without oral argument and vacated the hearing set for April 28, 2014. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **GRANTS** Defendants' Motion.

I.  FACTUAL AND PROCEDURAL HISTORY

Plaintiffs allege the following facts. Plaintiffs are the father and mother of decedent Matthew Courtney ("Matthew"). (Compl. ¶ 4, ECF No. 1.) Defendants are employees of the California Department of Corrections and Rehabilitation ("CDCR"). (Compl. ¶ 6.)

Matthew was an inmate who began his incarceration at the California Men's Colony ("CMC") on February 2, 2011, after having been incarcerated previously at a Los Angeles County Jail Facility ("LA Jail") for about two months and then the California State Prison-Los Angeles County (CSP-LAC") for about a year. (Compl. ¶¶ 15, 17, 20.)

---

[1] Defendants filed their initial motion to dismiss on March 21, 2014 (ECF No. 21) and then filed the amended Motion.

[2] Pursuant to Local Rules 7-9 and 7-12, it is within the Court's discretion to deem a failure to oppose a motion as consent to the granting of the motion. *See* L.R. 7-9, 7-12. In the interest of justice, the Court will consider the merits of Defendants' Motion.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:  CV 13-07201 SJO (RZx)          DATE:  June 16, 2014

At the time of Matthew's arrival at CMC, he had been diagnosed with idiopathic Pulmonary Atrial Hypertension ("PH"), a potentially fatal condition that required him to take life-sustaining medicine on a regular basis. (Compl. ¶¶ 12, 13.) Matthew took Letaris to treat his PH. (Compl. ¶ 13.) Letaris can only be obtained from a specialty pharmacy ("Accredo") in Pennsylvania. (Compl. ¶ 14.) Accredo requires that the patient and treating physician be enrolled in an FDA controlled program known as LEAP (Letaris Education Access Program) in order to obtain Letaris. (Compl. ¶ 14.) It takes two to three weeks for approval of enrollment and for Letaris to be delivered to the patient and physician. (Compl. ¶ 14.) Craig Courtney ("Craig") delivered Letaris on several occasions to Matthew while Matthew was incarcerated at the LA Jail and the CSP-LAC. (Compl. ¶¶ 15-19.) By the time Matthew was transferred to CMC, Accredo was supplying Letaris to CDCR directly for Matthew. (Compl. ¶ 20.)

On March 8, 2011, Matthew contracted viral bronchitis and was transferred to the prison hospital at CMC. (Compl. ¶ 22.) While under the care of Defendants Dr. Thomas Amato, M.D. ("Dr. Amato") and Chelsea Emerson ("Emerson"), Matthew developed bed sores. (Compl. ¶ 22.)

Defendants Dr. Ellen Greenman, M.D. ("Dr. Greenman") and Dr. David Ralston, M.D. ("Dr. Ralston") were successive directors of medical services at CMC during Matthew's incarceration. (Compl. ¶ 7.) They were responsible for supervising medical care and decisions regarding compassionate releases for medical reasons. (Compl. ¶ 7.) In April 2011, Craig wrote a letter addressed to Dr. Greenman, asking for a compassionate release for Matthew. (Compl. ¶ 23.) In a letter dated July 21, 2011, Dr. Greenman denied the request. (Compl. ¶ 24.) After reviewing Matthew's medical records at CMC, Dr. Kenneth Wei[3] ("Dr. Wei") wrote another letter to CMC's medical social worker, requesting a compassionate release. (Compl. ¶ 26.) Dr. Wei did not receive any response to his letter and no action was taken on his request. (Compl. ¶ 26.)

Matthew was released from CMC to his father on July 26, 2012. (Compl. ¶ 28.) Prior to such release, Craig met with Dr. Ralston—who had succeeded Dr. Greenman as director of medical services at CMC by that time—and Emerson. (Compl. ¶ 28.) Craig requested a supply of Matthew's Letaris so that Matthew's treatment would not be interrupted. (Compl. ¶ 28.) Emerson denied the request stating, "No, we can't give that to you. Matthew will have to get it from Kaiser (Permanente Medical Plan/Hospital)." (Compl. ¶ 28.) Emerson assured Craig that Kaiser had Letaris. Defendants allege that this statement from Emerson was incorrect.

Matthew arrived at Kaiser later that day, July 26, 2012, at which point Dr. Wei asked Craig if they had brought with them any Letaris from CMC. (Compl. ¶ 32.) When Craig informed him that they had not, Dr. Wei asked Craig to have the medication "overnighted" from CMC since Kaiser did not

---

[3] Dr. Wei of Kaiser Permanent was Matthew's treating physician prior to his incarceration. (Compl. ¶ 26.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: CV 13-07201 SJO (RZx)    DATE: June 16, 2014

have any. (Compl. ¶ 33.) Craig called Emerson on July 30, 2012, but could not reach her. (Compl. ¶ 24.) Matthew died the next day, July 31, 2012, allegedly as a result of his PH. (Compl. ¶ 35.)

On September 30, 2012, Plaintiffs filed their Complaint with this Court alleging three causes of action: (1) an Eighth Amendment violation based on prison medical treatment under 42 U.S.C. § 1983; (2) deprivation of medical care under California Government Code 845.6; and (3) negligence. (*See generally* Compl.)

Defendants move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (Mot. 4-9.) Defendants also argue that they are entitled to qualified immunity. (Mot. 9.)

II.    DISCUSSION

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) may be granted for violation of Federal Rule of Civil Procedure 4(m). *See* Fed. R. Civ. P. 12(b)(5). Rule 4(m) states that "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of the claims asserted in the complaint." *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-200 (9th Cir. 2003). In evaluating a motion to dismiss, a court accepts the plaintiff's factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Ileto*, 349 F.3d at 1200. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). To plead sufficiently, Plaintiff must proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct," the complaint is subject to dismissal. *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: CV 13-07201 SJO (RZx)   DATE: June 16, 2014

for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 663.

### A. Rule 12(b)(5)

Defendants first argue that the Court should dismiss Plaintiffs' Complaint on procedural grounds, pursuant to Rule 12(b)(5), because Plaintiffs failed to serve it on Defendants within 120 days after filing the Complaint. (Mot. 4.)

Plaintiffs filed the Complaint on September 30, 2013. (*See* Compl.) The 120 day period from the date of filing ran on January 28, 2014. Defendants Dr. Amato, Dr. Ralston, and Emerson were served on January 30, 2014., while Defendant Dr. Greenman was served on January 31, 2014. (ECF Nos. 11-13.)[4]

Although the Plaintiffs technically missed the 120 day period, they did so by merely two days. Thus, in the interest of justice, the Court proceeds to review the merits of Plaintiffs' Complaint.

### B. Rule 12(b)(6)

Defendants argue that Plaintiffs' Complaint is deficient under Rule 12(b)(6).

#### 1. Federal Law Claim (42 U.S.C. § 1983)

Defendants allege that Plaintiffs failed to properly plead their Eighth Amendment claim under 42 U.S.C. § 1983. Under 42 U.S.C. § 1983, to maintain an Eighth Amendment claim based on prison medical treatment, plaintiff must show "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The test for deliberate indifference consists of two parts: (1) plaintiff must show a "serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain"; and (2) the defendant's response was "deliberately indifferent." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). The second prong requires plaintiff to show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* The plaintiff must satisfy both the objective and subjective components of the two-part test. *Farmer v. Brennan*, 511 U.S. 825, 834 (1970).

More generally, deliberate indifference requires that defendants purposefully ignore or fail to respond to the prisoner's pain or medical need. *McGuckin v. Smith*, 974 F.2d 1050, 1060, *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (*en*

---

[4] On January 16, 2014, the Court issued an order to show cause why this case should not be dismissed for failure to prosecute by January 30, 2014. (Order to Show Cause, ECF No. 7.)

**CASE NO.:** CV 13-07201 SJO (RZx)　　　　　　**DATE:** June 16, 2014

*banc*). "Deliberate indifference is a high legal standard.  A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

Furthermore, a mere "difference of opinion between an inmate and medical staff, or among the inmate's physicians as to the nature of appropriate medical treatment is insufficient, as a matter of law, to constitute deliberate indifference."  *Kelly v. Johnson*, No. CV 05-2191 VBF, 2008 WL 4531961, at *6 (C.D. Cal. 2008).  Rather, to prevail on a claim involving choices between alternative treatments, plaintiff must show that the defendant chose "in conscious disregard of an excessive risk to inmate's health, a course of treatment medically unacceptable under the circumstances."  *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir.1996).

The first prong of the test, a "serious medical need," is met given the serious and potentially fatal nature of Matthew's alleged condition.  (Compl. ¶ 13.)

With regard to the second prong, Plaintiffs base their claim of deliberate indifference on:  (1) the bed sores Matthew suffered while at the prison hospital; (2) Defendants' failure to provide a compassionate release for Matthew; and (3) Defendants' failure to continue providing the Letaris medication to Matthew upon his release from the prison hospital.  (*See generally* Compl.)  These three allegations are insufficient to establish deliberate indifference.

First, Plaintiffs advance no facts to support a claim that Defendants purposefully ignored or failed to respond to Matthew's bed sores.  Plaintiffs' allegations regarding bed sores are insufficient to show deliberate indifference.  *Toguchi*, 391 F.3d at 1060.

Second, Defendants alleged failure to provide a compassionate release for Matthew is insufficient to show deliberate indifference because it amounts to a disagreement among the parties regarding the appropriate treatment for Matthew—receiving treatment at the prison as opposed to outside the prison.  Plaintiffs allege that Defendants' delay and denial of compassionate release deprived Matthew of treatment and care of competent medical professionals with knowledge of Matthew and his PH.  (Compl. ¶ 38.)  Such disagreement is insufficient to show deliberate indifference.  *See Toguchi*, 391 F.3d at 1058.  Furthermore, Plaintiffs do not in any way assert that Defendants chose a course of treatment medically unacceptable under the circumstances in conscious disregard of an excessive risk to Matthew's health.  *Jackson*, 90 F.3d at 332 (a plaintiff asserting deliberate indifference must show that the medical personnel chose a course of treatment medically unacceptable under the circumstances in conscious disregard of an excessive risk to inmate's health).  Even if this were not a case of disagreement over alternative forms of treatment, Plaintiffs fail to state any facts that show Defendants purposefully ignored or failed to respond to Matthew's medical needs.  They do not allege, for example, that Matthew did not receive the Letaris as needed while at the prison hospital.

Finally, Plaintiffs fail to allege it was Defendants Emerson and Ralston's subjective intent to ignore or fail to respond to Matthew's continuing need for Letaris after his release from the prison hospital.  Rather, they merely contend that Defendant Emerson refused to provide a continuing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: CV 13-07201 SJO (RZx)     DATE: June 16, 2014

supply of Letaris upon Matthew's release and falsely stated that Kaiser "had [the Letaris]." (Compl. ¶¶ 28-29.) Although failure to verify whether Kaiser in fact had Letaris before making such a statement may amount to negligence, again, this does not rise to the level of deliberate indifference. *Estelle*, 429 U.S. at 106 ("negligen[ce] in diagnosing or treating a medical condition" did not suffice to make out a claim for deliberate indifference). Even if it did, Plaintiffs fail to contend beyond a mere possibility that Matthew's harm following his release was caused by Defendants Emerson and Ralston's deliberate indifference. (Compl. ¶¶ 33-34.)

Thus, given that Plaintiffs fail to allege sufficient facts to meet the deliberate indifference test, the Court **GRANTS** Defendant's Motion pursuant to Rule 12(b)(6).

        2.      California State Law Claims

Because the Court finds that Defendants' Motion to Dismiss Plaintiffs' federal law claim pursuant to Rule 12(b)(6) should be granted, the Court declines to exercise jurisdiction over Plaintiffs' state law claims. Accordingly, Plaintiffs' state law claims are also dismissed.[5]

IV.    RULING

For the foregoing reasons, the Court **GRANTS** Defendants' Motion. Plaintiff's Complaint is **DISMISSED WITH LEAVE TO AMEND**.

Plaintiffs may file a First Amended Complaint by no later than **July 3, 2014**. Plaintiffs are **NOT** granted leave to add additional parties to this case. Should Plaintiffs file a First Amended Complaint, Defendants must file a responsive pleading within fourteen (14) days of such filing date. Failure to file a First Amended Complaint will result in this case being dismissed.

IT IS SO ORDERED.

---

[5] Because the Court dismisses Plaintiffs' three causes of action, it need not address Defendants' qualified immunity arguments.